# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# HELENA DIVISION

| | |
|---|---|
| ROBERT WEBB,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>GAYLE LAMBERT, ROSS WAGNER, DAVE MILLER, DAVE SOLOMON, and GERALD ROSELEIP,<br><br>　　　　Defendants. | Cause No. CV 12-00041-H-DLC-RKS<br><br>ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT |

## I. SYNOPSIS

Plaintiff Robert Webb has filed a Motion to Proceed in Forma Pauperis C.D. 1 and a proposed civil rights Complaint C.D. 2. The Motion to Proceed in Forma Pauperis will be granted. Mr. Webb admits he failed to exhaust his administrative remedies, therefore, his Complaint should be dismissed.

## II. JURISDICTION AND VENUE

The Court has personal jurisdiction over the parties. This action presents a federal question over which jurisdiction lies pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(a), and 42 U.S.C. § 1983. Venue is proper in this judicial district

1

and division pursuant to 28 U.S.C. § 1391 and Local Rule 3.2(b)(3). This case was referred to this Court pursuant to Local Rule 73 and 28 U.S.C. § 636(b)(1).

**III. MOTION TO PROCEED IN FORMA PAUPERIS**

Mr. Webb submitted a declaration and account statement sufficient to make the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

A prisoner granted leave to proceed in forma pauperis is still required to pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1). This is done by way of an "installment plan," whereby the court assesses an initial payment, and the prisoner is required thereafter to make monthly payments of twenty percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(1). However, if a prisoner who seeks leave to proceed in forma pauperis is released from prison while his action is pending, he will not be required to pay the full filing fee if forma pauperis status is granted. See DeBlasio v. Gilmore, 315 F.3d 396, 399 (4th Cir. 2003) (statutory language, legislative intent and policy reasons dictate that prisoner granted forma pauperis status when he filed action would not be liable for full amount of filing fee upon release but must be allowed to apply to proceed under general forma pauperis provisions of § 1915(a)(1)); McGore v. Wrigglesworth, 114 F.3d 601, 613 (6th Cir. 1997)(overruled on other

grounds by Jones v. Bock, 549 U.S. 199 (2007)) (same); McGann v. Comm'r, Soc. Sec. Admin, 96 F.3d 28, 29–30 (2d Cir. 1996) (same).

Mr. Webb filed a notice of change of address indicating he has been released from prison. Accordingly, he will not be required to pay the full filing fee.

**IV. STATEMENT OF CASE**

    **A. Parties**

Mr. Webb was a state prisoner incarcerated at Montana State Prison at the time he filed his Complaint. He has since been released on parole. www.mt.gov/conweb. The named defendants are Gayle Lambert, Ross Wagner, Dave Miller, Dave Solomon, and Gerald Roseleip.

    **C. Allegations**

Mr. Webb seeks to recover damages for an injury he alleges he received while working at the M.C.E.[1] dairy on December 29, 2011. He was injured while running a grain auger which was missing its protective safety guard. The guard was allegedly removed by another inmate six years before the accident. He contends Defendants allowed him to work in unsafe conditions. Mr. Webb injured his left foot and states he may be permanently disabled. C.D. 2, pp. 5, 8, 9.

---

[1] Although not defined, it is assumed "M.C.E." refers to Montana Correctional Enterprises.

## III. 28 U.S.C. §§ 1915, 1915A REVIEW

### A. Standard

Mr. Webb is a prisoner proceeding in forma pauperis so his Complaint is reviewed under 28 U.S.C. § 1915, 1915A. Sections 1915A(b) and 1915(e)(2)(B) allow for the dismissal of a pro se prisoner complaint before it is served upon defendants if it is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers'." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citation omitted); Cf. Fed.R.Civ.P. 8(f) ("All pleadings shall be so

construed as to do substantial justice"). That standard has been applied in this case.

The statute does not deprive the district court of its discretion to dismiss with leave to amend. Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000). The court declines to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez, 203 F.3d. at 1127 (quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980)). Here amendment would be futile.

**B. Analysis**

The Prison Litigation Reform Act's exhaustion requirement states: [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. 42 U.S.C. § 1997e(a); see also Porter v. Nussle, 534 U.S. 516, 524-25 (2002); Booth v. Churner, 532 U.S. 731, 741 (2001).

Exhaustion of administrative remedies is not a pleading requirement. Wyatt

5

v. Terhune, 315 F.3d 1108, 1112 (9th Cir. 2003). It is an affirmative defense and inmates are not required to specially plead or demonstrate exhaustion in their complaints. Jones, 549 U.S. at 216. However, a complaint may be subject to dismissal for failure to state a claim when an affirmative defense (such as failure to exhaust) appears on the face of the pleading. Jones, 549 U.S. at 215. Where the plaintiff specifically states in the Complaint or the documents submitted therewith that he has not exhausted his administrative remedies, the Court need not await a defendant's assertion of affirmative defenses to find that relief is precluded. "A prisoner's concession to nonexhaustion is a valid ground for dismissal, so long as no exception to exhaustion applies." Wyatt, 315 F.3d at 1120.

Mr. Webb admits there is a grievance procedure at Montana State Prison, where he was incarcerated at the time of the incident at issue, but he did not file an administrative grievance based upon the facts alleged in his Complaint. He states he did not file a grievance because this case is about unsafe working conditions and the unsafe equipment he was operating on his job. C.D. 2, p. 3, ¶ II(B). This is not an excuse for failing to file a grievance on the issues raised in the lawsuit. Booth, 532 U.S. 731, 741, n.6 (Congress has mandated exhaustion, regardless of the relief offered through administrative procedures; the Court "will not read futility or other exceptions into statutory exhaustion requirements where Congress

6

has provided otherwise.").

Mr. Webb conceded that he did not file an administrative grievance regarding his claims and no exception applies in these circumstances. Therefore, this case should be dismissed without prejudice for failure to exhaust administrative remedies.

**IV.    CONCLUSION**

As set forth above, Mr. Webb has failed to exhaust his administrative remedies. This is not a defect which could be cured by the allegation of additional facts. Accordingly, the Complaint should be dismissed without prejudice.

Given that it is not clear under Ninth Circuit law whether a dismissal solely for failure to exhaust administrative remedies is sufficient to count as a strike, O'Neal v. Price, 531 F.3d 1146, 1155, n. 9 (9th Cir. 2007), this dismissal should not count as a strike pursuant to 28 U.S.C. § 1915(g).

The Federal Rules of Appellate Procedure provides:

> [A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
> > (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

7

Fed. R.App. P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." Gardner v. Pogue, 558 F.2d 548, 551 (9th Cir. 1977) (quoting Coppedge, 369 U.S. at 445). For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. Neitzke, 490 U.S. at 325, 327; Franklin v. Murphy, 745 F.2d 1221, 1225 (9th Cir. 1984).

It appears from the face of the Complaint that Mr. Webb failed to exhaust his administrative remedies. No reasonable person could suppose an appeal would have merit. Therefore, it will be recommended that the Court certify that any appeal of this matter would not be taken in good faith.

It is **ORDERED:**

1. Mr. Webb's Motion to Proceed in Forma Pauperis C.D. 1 is granted.

2. The Clerk shall edit the text of the docket entry for the Complaint C.D. 2 to remove the word "LODGED" and the Complaint is deemed filed on May 8, 2012.

3. At all times during the pendency of this action, Mr. Webb SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date. The notice shall not include any motions for any other relief. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

It is **RECOMMENDED:**

1. Mr. Webb's Complaint should be dismissed without prejudice. The Clerk of Court should be directed to close this matter and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit. The record makes plain the instant Complaint lacks arguable substance in law or fact.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Mr. Webb may serve and file written

objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

If Mr. Webb files objections, he must itemize each factual finding to which objection is made and must identify the evidence in the record he relies on to contradict that finding. In addition, he must itemize each recommendation to which objection is made and must set forth the authority he relies on to contradict that recommendation.

Failure to assert a relevant fact or argument in objections to these Findings and Recommendations may preclude Mr. Webb from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed

until entry of the District Court's final judgment.

DATED this 29th day of August, 2012.

                                                /s/ Keith Strong
                                                Keith Strong
                                                United States Magistrate Judge